IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 7:05 CV 5018 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| COUNTY OF SCOTTS BLUFF, | ) | MEMORANDUM AND ORDER |
| NEBRASKA, a political subdivision, | ) | |
| and JASON PERKINS, in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This case arises from an incident that took place at the Scotts Bluff, Nebraska fairgrounds in the early morning of August 21, 2004. A beer garden had been operating for the county fair, and it was closing or had just closed. The plaintiff and his wife, brother, and sister-in-law were heading to their car to leave the fairgrounds. There was an argument between the plaintiff and a friend who had made a statement plaintiff interpreted as confrontational. Comments escalated into an argument. People gathered as the shouting continued, and sheriff's deputies Brian Miller and Jason Perkins approached. They attempted to disperse the group and in that context ordered all to leave. Plaintiff allegedly did not leave as directed, and there was an altercation between him and defendant Perkins when Perkins took plaintiff to the ground. Plaintiff has filed an action under 42 U.S.C. §1983 claiming the defendants denied his Fourth Amendment right to be free from the use of excessive force.

A motion has been filed by "defendants" seeking summary judgment. The motion appears to be on the basis of there being no issue of material fact on the merits of plaintiff's constitutional claim, and "the defendants are entitled to judgment as a matter of

law."  Filing 25.  However, the briefs supporting and opposing the motion are entirely based upon the doctrine of qualified immunity.  Because the court's inquiry on the existence of a question of fact on the merits of the plaintiff's constitutional claim differs from the inquiry necessitated by the doctrine of qualified immunity, and further because the defendants did not brief the merits of the constitutional claim, I consider that part of the summary judgment motion abandoned.  See NECivR 39.2(b).

In addition, turning to the question of qualified immunity, the immunity is not available to municipalities, but rather, only to individuals.  Owen v. City of Independence, 445 U.S. 622 (1980.[1]  Therefore, that portion of the motion which seeks summary judgment on qualified immunity for the defendant county must be denied.  That leaves the issue of whether defendant Perkins is entitled to qualified immunity.

Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official in the defendant's position would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pagels v. Morrison, 335 F.3d 736, 739-40 (8th Cir.2003).  Denial of qualified immunity is appropriate "if there exists a genuine issue of material fact concerning the [defendant's] knowledge or if the

---

[1] "[I]n Owen v. City of Independence, 445 U.S. 622, 650 (1980), we rejected a claim that municipalities should be afforded qualified immunity, much like that afforded individual officials, based on the good faith of their agents.  [It is now] quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit--either absolute or qualified--under § 1983.  In short, a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury."  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. at 166 (1993).

2

moving party is not entitled to judgment as a matter of law." Lyles v. City of Barling, 181 F.3d 914, 917 (8th Cir.1999).

To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted.  Saucier v. Katz, 533 U.S. 194, 201 (2001); County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998); Wilson v. Lawrence County, Mo., 260 F.3d 946, 951 (8th Cir.2001) (citing Tlamka v. Serrell, 244 F.3d 628, 632 (8th Cir.2001)).

The initial inquiry is whether the facts alleged show Officer Perkins' conduct violated Williams' constitutional right to be free from excessive force during the course of this incident.  Excessive force claims are analyzed in the context of seizures under the Fourth Amendment, using its reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Craighead v. Lee, 399 F.3d 954, 961 (8th Cir.), cert. denied, ___ U.S. ___, 126 S.Ct. 472, 163 L.Ed.2d 359 (2005).

"To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, 'the test is whether the amount of force used was objectively reasonable under the particular circumstances.'"  Littrell v. Franklin, 388 F.3d 578, 583 (8th Cir.2004) (quoting Greiner v. City of Champlin, 27 F.3d 1346, 1354 (8th Cir.1994)).  "Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the

officer's conduct."  Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1081 (8th Cir.1990) (citing Graham, 490 U.S. at 396).

The reasonableness of a particular use of force must be examined "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.  As the Supreme Court has instructed, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation."  Id. at 396-97; see also Littrell, 388 F.3d at 583.

The facts of this case were tried before a jury in the County Court of Scotts Bluff County, Nebraska, in which the jury, using a higher burden of proof, found the plaintiff not guilty of a misdemeanor charge of disturbing the peace.  Filing 28, Exhibit 4. In that trial both Mr. Williams and Deputy Perkins testified, as did several other witnesses.  I have carefully reviewed that testimony, as well as all the other evidence filed on the motion, and I conclude that there is sufficient evidence that, if believed, could support a jury finding that the officer used unreasonable force under the circumstances.

The varying witness descriptions of the events will require a credibility judgment to be made on two critical issues:  Exactly what force was used; and exactly what were the circumstances.  Mr. Williams and his wife described the force as the officer kicking Mr. Williams from behind at the knee and not grabbing his arms prior to doing so.  Deputy Perkins described it as an arm take-down.  If the jury should believe Mr. Williams' testimony, it could conclude that the force used was unreasonable.  Similarly, the officers' testimony painted a picture of a tense and escalating situation that required immediate police action to control, while Mr. Williams' witnesses described it as one that, had the deputies

not intervened, would have de-escalated of its own dynamic.  These accounts are so diametrically opposed that it cannot be found, as a matter of law, that the defendant did not violate the plaintiff's Fourth Amendment rights.

The second inquiry required by Saucier is whether, at the time of the challenged acts, the law was "clearly established" to the extent that a reasonable officer in defendant Perkins' position would have known that his actions violated the plaintiff's right to be free from excessive force.

The law has been clearly established for decades that the Fourth Amendment is violated when an officer uses more force than is reasonable under the circumstances.  See Graham v. Connor, supra.  However, that general proposition is insufficient; the right must have been "defined at the appropriate level of specificity" so it would be "clear" to an officer in defendant's position that "his conduct was unlawful in the situation he confronted."  Saucier, 533 U.S. at 202 (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999) and citing Anderson v. Creighton, 483 U.S. 635 (1987)).

Taking the plaintiff's view of the evidence, defendant Perkins arrived on a situation that was heated, but not out of hand.  He was not effecting an arrest of the plaintiff when he used force; indeed, there was never an arrest.[2]  Defendant was merely dispersing a group of people and separating two verbally combative individuals.  Also accepting plaintiff's version, plaintiff did not hear defendant order him to leave.  Also accepting the plaintiff's version, Perkins struck plaintiff by kicking him in the leg behind the knee, implying that plaintiff may have been walking away, or turning to walk away.  In such a situation, it is difficult to

---

[2] Plaintiff received, some time after this incident, a citation for disturbing the peace.

5

7:05-cv-05018-DLP   Doc # 40   Filed: 05/09/06   Page 6 of 6 - Page ID # 414

conclude that any degree of force would necessary or appropriate; and indeed, the law was clearly established in August, 2004 that striking an individual who was not being arrested and was not presenting an imminent threat to the safety of the officer, violated the Fourth Amendment's prohibition of excessive force. See, e.g., <u>Guite v. Wright</u>, 147 F. 3d 747 (8th Cir. 1998).

A reasonable jury could, therefore, find that the defendant violated plaintiff's clearly established right to be free from use of excessive force.  Accordingly,

IT THEREFORE HEREBY IS ORDERED:  Defendants' motion for summary judgment, filing 25, is denied.

DATED May 9, 2006

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge

6